IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02974-PAB-NYW

FRED NEKOUEE,

    Plaintiff,

v.

MNR, L.L.C., a Kansas Limited Liability Company,

    Defendant.

---

## ORDER

---

This matter is before the Court on defendant's Motion For Transfer of Venue [Docket No. 6]. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343.

Plaintiff filed suit on October 18, 2019 alleging that a hotel in Longmont, Colorado owned, operated, or leased by defendant is in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. *See* Docket No. 1. Plaintiff is a Florida resident who visits the "Longmont area every three to six months." *Id.* at 2, ¶¶ 5-6. Defendant is a Kansas limited liability company. *Id.* at 1. Defendant filed a motion to transfer on November 22, 2019. Docket No. 6.

Defendant seeks transfer of this case to the District of Kansas pursuant to 28 U.S.C. § 1404(a). *Id.* at 1. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  Courts weigh a number of private and public interest factors in determining whether transfer is appropriate under § 1404(a).  Relevant private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62 n.6 (2013) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  Public interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law."  *Id.* (quotations and alterations omitted).  The party seeking transfer under § 1404(a) bears the "burden of establishing that the existing forum is inconvenient."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

The Court begins by noting that defendant has failed to provide any analysis relevant to the appropriate factors that courts are to consider when determining whether to grant a motion to transfer.  *See* Docket No. 6.  Defendant argues that transfer is appropriate because defendant resides in Kansas, plaintiff has "an uncle and cousin who live in the area," and plaintiff frequently travels to Kansas City.  *Id.* at 2.  These allegations do not serve to meet defendant's burden of "establishing that the existing forum is inconvenient."  *Chrysler*, 928 F.3d at 1515.

In consideration of the factors, the Court finds that the existing forum is not

inconvenient.  First, the private interest factors weigh in favor of a Colorado forum.  As plaintiff discusses, the majority of the relevant evidence and witnesses are in Colorado.  For example, the alleged violator of the ADA is a hotel located in Colorado.  Docket No. 7 at 1-2, ¶¶ 5-9.  Thus, access to sources of proof, attendance of witnesses, and view of the premises all lean in favor of a Colorado forum.  *See Atlantic Marine*, 571 U.S. at 62 n.6 (quoting *Piper*, 454 U.S. at 241 n.6).  As to the public interest factors, defendant has made no argument relative to court congestion, and plaintiff does not allege any state law claims.  The last public interest factor, the interest in having localized controversies be decided at home, *id.*, weighs in favor of a Colorado forum because it is a Colorado hotel that plaintiff alleges has violated the ADA.  The Court therefore finds that defendant has not met its burden of establishing that Colorado is an inconvenient forum.

For the foregoing reasons, it is

**ORDERED** that defendant's Motion For Transfer of Venue [Docket No. 6] is **DENIED**.

DATED February 25, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge